## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 06-20122-01-KHV |
| JOSEPH M. UMAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

On August 17, 2006, a grand jury returned a two-count indictment which charged that Joseph Uman knowingly shipped, transported, possessed and received a firearm in interstate commerce after having been convicted of a crime punishable by more than one year in violation of 18 U.S.C. § 922(g)(1), and that he knowingly received, possessed and concealed a stolen firearm in violation of 18 U.S.C. § 922(j). See Indictment (Doc. #1). This matter is before the Court on defendant's Motion To Dismiss Count I Of The Indictment (Doc. #13) filed September 7, 2007. On September 19, 2007, the Court continued the hearing on defendant's motion pending the Tenth Circuit disposition of United States v. Hill, No. 06-20071-01 (D. Kan.). See Minute Order (Doc. #16); see also Motion To Dismiss Count I Of The Indictment (Doc. #13) at 5 (same issue currently pending before Tenth Circuit in Hill). For reasons stated below, the Court now overrules defendant's motion.

### Factual Background

On June 13, 2005, in the District Court of Johnson County, Kansas, defendant pled guilty to attempted aggravated escape from custody in violation of K.S.A. § 21-3810 and K.S.A. § 21-3301. Under Kansas law, an attempt to commit a violation of K.S.A. § 21-3810 is a level X felony, non-

drug offense. Based on defendant's criminal history, his presumptive sentencing range was seven to nine months. See K.S.A. § 21-4704. On January 17, 2006, the Johnson County District Court sentenced defendant to seven months in prison with 12 months of supervised release to follow.

On April 12, 2006, during an investigation of a residential burglary, police discovered a rifle in the trunk of the vehicle which defendant was driving. On August 17, 2006, a grand jury indicted defendant for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] Defendant seeks to dismiss this count because when officers arrested him, he did not qualify as a "felon" under Kansas law.

### Analysis

Defendant is charged with violating 18 U.S.C. § 922(g)(1), which provides that a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year cannot possess a firearm. What constitutes a conviction of such a crime is determined under the law of the jurisdiction in which the prior proceedings were held. 18 U.S.C. § 921(a)(20). Defendant argues that the Court must dismiss the indictment because his prior Kansas conviction did not involve a crime punishable by more than one year.

In Hill, the Tenth Circuit recently affirmed this Court's order which overruled a motion to dismiss which was based on the same legal argument as the one which defendant asserts here. See United States v. Hill, --- F.3d ----, 2008 WL 3876846, at *8 (10th Cir. Aug. 22, 2008). In particular, the Tenth Circuit held as follows:

---

[1] As explained above, the grand jury also indicted defendant for possession of a stolen firearm in violation of 18 U.S.C. § 922(j). See Indictment (Doc. #1), Count 2. Defendant's motion does not challenge Count 2.

> Section 922(g)(1), like the statute explored in [United States v.] Rodriguez, [--- U.S. ----, 128 S. Ct. 1783 (2008),] demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant. See [Rodriguez, 128 S. Ct. at 1792]. Hill was convicted of violating Kan. Stat. Ann. § 21-4204, a severity level VIII crime in Kansas. Because that *crime* carries a maximum penalty of 23 months' imprisonment, he was convicted of a "crime punishable by imprisonment for a term exceeding one year."

Id. (emphasis in original).

Here, based on the reasoning in Hill, defendant was convicted of a crime, attempted aggravated escape from custody, which was punishable by imprisonment for a term up to 18 months (twice his presumptive sentence of nine months). Because the crime was punishable by imprisonment for a term exceeding one year, the Court overrules defendant's motion to dismiss in this case.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss Count I Of The Indictment (Doc. #13) filed September 7, 2007 be and hereby are **OVERRULED**.

Dated this 17th day of September, 2008, at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge