# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 06-20122-01-KHV** |
| JOSEPH M. UMAN, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Withdraw Plea (Doc. #69) filed December 15, 2009. Defendant asks to withdraw his plea because his attorney made certain false promises so that he would enter a plea. Initially, the Court overrules defendant's motion because defendant is represented by counsel.[1] See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

Defendant's motion also lacks substantive merit. Defendant asserts, among other things, that (1) counsel told him that he would receive a sentence of 76 months or less, (2) counsel told him that the government could not enhance his sentence, (3) counsel told him that the prosecutor had promised to request that the Court run the federal sentence concurrent with his state sentence,

---

[1] Defendant is currently represented by a different attorney than the one who represented him at the change of plea hearing.

(4) counsel pressured, browbeat and eventually coerced him into signing the plea, and (5) he told counsel that he was not guilty and that the factual basis in the plea agreement was not true. Defendant's fanciful allegations are conclusively refuted by the plea colloquy and his statements in the plea petition and plea agreement. The Honorable John W. Lungstrum conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the rights he was waiving and the factual basis for his plea. Defendant acknowledged that no one could tell him exactly what his sentence would be and that no one made any promises or guarantees about his sentence. Defendant also admitted that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was entering a plea of guilty was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea was unknowing or involuntary. The plea petition reflects that defendant had sufficient time to discuss the matter with his attorney, that he was satisfied with his attorney's representation, and that he had read and understood the plea agreement. In sum, the language of the plea agreement, the plea petition and the Rule 11 colloquy establishes that defendant's plea was knowing and voluntary. Defendant has not shown a "fair and just reason" for the withdrawal of his plea under Rule 11(d)(2)(B), Fed. R. Crim. P.

**IT IS THEREFORE ORDERED** that defendant's Motion To Withdraw Plea (Doc. #69) filed December 15, 2009 be and hereby is **OVERRULED**.

Dated this 17th day of December, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge