**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH M. UMAN, ) <br> ) <br> Defendant. ) <br> _____) | CRIMINAL ACTION <br><br> No. 06-20122-01-KHV |

## MEMORANDUM AND ORDER

On December 28, 2009, the Court sentenced defendant. On January 5, 2010, defendant filed his notice of appeal. This matter is before the Court on defendant's Motion For Transcripts (Doc. #79) filed January 11, 2010 and defendant's Application To Proceed Without Payment Of Fees And Affidavit By A Prisoner (Doc. #80) filed January 11, 2010, which the Court construes as a motion to determine financial eligibility for appointment of counsel and as a motion to proceed *in forma pauperis* on appeal.

**I.    Motion For Transcripts**

Defendant asks for "transcripts which should provide all the documents filed" in the case. Defendant states that he needs the transcripts to file a collateral challenge to his conviction and sentence. Defendant has not shown that absent the transcripts, he cannot prepare a Section 2255 motion. Indeed, the record on appeal, which has not yet been prepared, ordinarily includes the critical transcripts and documents in the case. Absent a showing of a particularized need, the Court generally does not provide copies of transcripts to indigent prisoners before a Section 2255 motion is filed. See Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion);

28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal not frivolous and transcript needed to decide issue presented); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed).

## II.     Motion To Proceed Without Payment Of Fees

In his affidavit, defendant states that he is incarcerated and that other than his prison account, he has no assets. Based on this evidence, the Court finds that defendant is financially unable to obtain counsel and is therefore eligible for appointment of counsel under 18 U.S.C. § 3006A(b). In addition, the Court is satisfied that pursuant to Rule 24(a), Fed. R. App. P., defendant financially qualifies for *in forma pauperis* status. Under Rule 24(a)(1)(C), however, defendant's motion must state the issues which he intends to present on appeal. Rule 24(a) requires such a statement because the district court will deny *in forma pauperis* status if it determines that the appeal is not taken in good faith. See Fed. R. App. P. 24(a)(3)(A). Good faith is an objective standard measured by whether the appeal is "frivolous" or lacks a "rational argument on the law or facts." See Coppedge v. United States, 369 U.S. 438, 448 (1962). Based on the motion, the Court cannot address whether

defendant's appeal is made in good faith. Defendant's Notice of Appeal (Doc. #76) filed January 5, 2010, is also insufficient to inform the Court of the issues which defendant intends to appeal. Accordingly, defendant's motion to proceed *in forma pauperis* is overruled without prejudice.

**IT IS THEREFORE ORDERED** that defendant's Motion For Transcripts (Doc. #79) filed January 11, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Application To Proceed without Payment Of Fees And Affidavit By A Prisoner (Doc. #80) filed January 11, 2010, which the Court construes as a motion to determine financial eligibility for appointment of counsel and a motion to proceed *in forma pauperis* on appeal, be and hereby is **SUSTAINED in part**. To the extent that defendant's Application is construed as a motion to determine financial eligibility for appointment of counsel, the Court **SUSTAINS** the motion. To the extent that defendant's Application is construed as a motion to proceed *in forma pauperis*, the Court **OVERRULES** the motion without prejudice. The Clerk is directed to forward a copy of this order to the Clerk of the Tenth Circuit.

Dated this 15th day of January, 2010 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge